QUESTION: May a circuit court clerk charge an additional filing fee under s. 28.241, F.S., when a testamentary trust is filed as a part of a pending probate proceeding?
SUMMARY: A proceeding for the administration of a testamentary trust filed under Ch. 737, F.S., is a civil proceeding for which the fee prescribed by s. 28.241, id., should be collected by the circuit court clerk, in addition to the uniform probate filing fee charged for the probate estate under s. 28.2401, id. Under the Florida Trust Accounting Law, Ch. 737, F.S. (adopted by Ch. 26656, 1951, Laws of Florida), a testamentary trust is required to be administered under the supervision of the circuit court. Prior to the revision of our judicial system, effective January 1, 1973, it was necessarily a proceeding separate and apart from the probate proceeding in the county judge's court in which the decedent's estate was administered and ultimately distributed to his devisees and legatees, including the testamentary trustee. Now, of course, the circuit court has jurisdiction of both proceedings — the probate of the decedent's will and administration of his estate, as well as the administration of the testamentary trust created in that will. Article V, s. 20(c)(3), State Const. The Uniform Probate and Guardianship Filing Fee Law, Ch. 72-397, Laws of Florida (s. 28.2401, F.S.), prescribes a uniform filing fee of sixty dollars for a probate or guardianship estate of not more than sixty thousand dollars (seventy-five dollars for estates in excess thereof), and provides that this fee shall include "all documents filed in an estate . . . ." (Extra charges are made for certified copies of such documents and for recording those that are required by the judge or by law to be recorded.) There is nothing in this statute to indicate that it was intended to include a proceeding for the administration of a testamentary trust. Moreover, it is implicit in a provision for a uniform filing fee that only those matters ordinarily required by law to be filed in the proceeding are to be included in the fee; and the administration of a testamentary trust estate would seem to be the exception, rather than the rule, in the administration of a decedent's estate. The Trust Accounting Law, Ch. 737, supra, has nothing to do with the administration of the estate of a decedent, as such; it is concerned with the administration of a trust estate after it has been distributed to the testamentary trustee. The testamentary trust proceedings are filed for the purpose of establishing the trustee's qualifications and of submitting the administration of the trust to the supervision of the court, see s. 737.02. In fact, the personal representative of the decedent's estate may not distribute the trust estate to the trustee until he has proof that the trustee has qualified as such under the provisions of Ch. 737, see s. 734.22. For convenience, the petition initiating the testamentary trust proceeding may be filed in connection with the probate proceeding. However, the statute requires that it be styled in some manner to indicate that it is a testamentary trust proceeding, see s. 737.03, and provides the practice and procedure to be followed in the proceeding. Except as so provided, the practice and procedure "shall be as prescribed by law for suits in equity," s. 737.25 — presumably, now the Rules of Civil Procedure. In these circumstances, it must be concluded that the uniform filing fee prescribed by law for the filing of all papers in a probate or guardianship proceeding was not intended to cover the cost of filing a proceeding under the Trust Accounting Law for the administration of a testamentary trust. The fee for filing a civil proceeding is prescribed by s.28.241, supra. Accordingly, your question is answered in the affirmative.